EXHIBIT - D

**AFFIDAVIT OF NO RECORDS IN RESPONSE TO SUBPOENA**

THE STATE OF FLORIDA
COUNTY OF VOLUSIA

I, Ronald Lippmann, of Daytona, Florida, do hereby certify that I am of sound mind, capable of making this affidavit, and have personal knowledge of the facts contained herein. I swear, under penalty of perjury, the following:

1.  I have been personally served with subpoenas in federal court matters requesting my medical records and files pertaining to individuals, who are asserting personal injury claims against BP Exploration & Production Inc. and BP America Production Company (collectively, "BP"). Examples of such subpoena are attached hereto as Exhibits A and B.

2.  The medical practice where I was employed was contacted by a representative of the Downs Law Group to screen some of its clients, including those listed on Exhibit C, and provide reports for their use in asserting claims against BP. I do not have a physician-patient relationship with the Downs Law Group clients I evaluated, nor do I ever intend to proffer an opinion with respect to the underlying cause of their alleged symptoms, injuries, or illnesses. As such, I do not (and did not) maintain the Downs Law Group's client records within the files of my regular medical practice.

3.  I did not maintain originals or copies of any records, or amendments thereto, that I may have signed related to the Downs Law Group claimants listed on Exhibit C or any other clients of the Downs Law Group for whom I performed this evaluation work.

4.  Therefore, I do not have any documents, materials, or information applicable to the claimants identified on Exhibit C, including but not limited to any information or materials covered by HIPAA; and I am unable to authenticate any original or copy or any records purportedly authored by me. If provided with an alleged original or copy of a record purportedly authored by me pertaining to a claimant on Exhibit C, I would be unable to swear under oath that the content and substance of that report are accurate, complete, and have not been altered or amended in any way. As such, I am unable to verify the facts and contents of the records applicable to the identified claimants, including the underlying diagnoses purportedly authored by me, nor will I be able to verify such records if asked to do so in the future.

5.   Finally, a thorough search of my files, carried out under my direction, revealed no other documents, records, materials or images responsive to the Schedule A of attached subpoenas.

RONALD LIPPMANN, DO

SWORN TO AND SUBSCRIBED before me on this _18_ day of August, 2021.

Notary Public

May 16, 2025
My Commission Expires

RENEE CRYSTAL DOUGLAS
Notary Public - State of Florida
Commission # HH 130335
My Comm. Expires May 16, 2025
Bonded through National Notary Assn.

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Northern District of Florida

| | |
|---|---|
| HARLEY DWAYNE ALLEN, | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 4:19-cv-8-MCR/GRJ |
| BP Exploration & Production, Inc. | ) |
| & BP America Production Company, | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: 
Ronald D. Lippmann, DO,
2381 Mason Avenue, Suite 100, Daytona Beach, FL  32117
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Schedule A, Authorization, and Certificate of Non-Objection and HIPAA Compliance.

| Place: McDonald Toole Wiggins, P.A., 111 N. Magnolia, Suite 1200, Orlando, FL  32801 | Date and Time: 05/14/2021 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    04/21/2021

CLERK OF COURT

_____          OR          _____
Signature of Clerk or Deputy Clerk                                          Attorney's signature

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* BP Exploration & Production, Inc. & BP America Production Company _____, who issues or requests this subpoena, are:

Sarah A. Long, 111 N. Magnolia, Suite 1200, Orlando, FL 32801; slong@mtwlegal.com; (407)246-1800

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

EXHIBIT A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 4:19-cv-8-MCR/GRJ

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____        _____
                                       *Server's signature*

                                       _____
                                       *Printed name and title*

                                       _____
                                       *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

<u>**SCHEDULE "A"**</u>

**HARLEY DWAYNE ALLEN**
DOB: ▇▇▇▇▇
SSN: ▇▇▇▇▇

**REPRODUCTION COSTS DIRECTLY RELATED TO THIS SUBPOENA & SCHEDULE A THAT EXCEED $250.00 REQUIRE AUTHORIZATION FROM OUR OFFICE AT (407) 246-1800 _PRIOR_ TO PRODUCTION. OTHERWISE, ALL ITEMIZED STATEMENTS FOR REASONABLE COST REIMBURSEMENTS MAY BE ISSUED WITH THE RECORDS RESPONSE IN THE METHOD PROVIDED, OR PREPAYMENT REQUESTS UP TO $250.00, MAY BE SUBMITTED TO INVOICES@MTWLEGAL.COM FOR PROCESSING.**

| | | Produced | No Such Records Exist |
|---|---|---|---|
| 1. | New Patient Background Forms, intake questionnaires | | |
| 2. | Insurance Papers or Forms | | |
| 3. | Incident or Accident Memoranda or Forms | | |
| 4. | Entire chart front to back including all records and office notes (handwritten and/or typed) | | |
| 5. | A list of all diagnostic films maintained and/or stored by or on behalf of your facility (including electronically) | | |
| 6. | All diagnostic tests results and/or interpretations | | |
| 7. | History & Physical | | |
| 8. | Nurses' Notes | | |
| 9. | Doctors' Notes, Orders and Progress Notes | | |
| 10. | Reports of Surgical Procedures | | |
| 11. | Therapy Notes | | |
| 12. | Laboratory Results | | |
| 13. | Photographs | | |
| 14. | Psychiatric/Psychological Evaluations | | |
| 15. | Correspondence to or from any source | | |
| 16. | Memoranda from any source | | |
| 17. | Emergency Care Documentation | | |
| 18. | Notes of Documentation from any Hospital | | |
| 19. | Consultation Reports | | |
| 20. | Prescriptions, pharmaceutical records, request or orders | | |
| 21. | Ambulance/EMS Records | | |
| 22. | Outpatient Records | | |
| 23. | Consent forms, explanation of procedures given to patient or responsible parties | | |
| 24. | Any written information of whatever nature, kind or description which pertains in particular to the patient named | | |
| 25. | Printed copies of all information/data/images and/or records maintained or stored electronically and/or off site | | |
| 26. | Itemized billing statements which includes dates of service, charged amounts, amounts paid, amounts written off, payor information, balances and ICD/diagnosis codes | | |

Records Check Made By:_____

Please Print Name:_____

Records Check Verified By:_____

Please Print Name:_____

## <u>AUTHORIZATION FOR DISCLOSURE OF PROTECTED HEALTH INFORMATION</u>

**To:**  Ronald D. Lippmann, DO
    (Provider Name)

**Patient Name:**  Harley Dwayne Allen

**Address:**  20 Adam St., Eastpoint, FL 32328

**Phone:**  (850) 370-6626

**Date of Birth:** ▮▮▮▮▮▮

**SSN:** ▮▮▮▮▮▮

**Regarding:** Harley Dwayne Allen  v. BP America Production Company, et al., Civil Action File/Case No: 4:19cv8-MCR/GRJ _____, United States District Court, Northern ___ District of Florida, Tallahassee ___ Division ("the Lawsuit")

I authorize the information to be disclosed to and used by the following individual and /or organization:

**McDonald Toole Wiggins, P.A., 111 North Magnolia, Suite 1200, Orlando, FL 32801**

**ATTN: Sarah A. Long**

**For the purpose of: a claim, lawsuit or arbitration proceeding.**

**Information to be Used or Disclosed:**
I authorize any physician, hospital, health care provider, health facility, and governmental or private agency, including the Workmen's Compensation Commission, and each of them together with their respective employees and/or agents, to disclose my "protected health information" to Legal Counsel (defined below), as specified in this Authorization and set forth in privacy regulations issued pursuant to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA Privacy Rule").

I understand that my protected health information includes any and all medical records, medical opinions if in writing, original x-rays, papers, notes and histories, pathology, tissue samples, cytology, blocks, slides, or other pathology specimens, or any other documents, records or papers concerning any past medical history and/or treatment, examinations, periods of hospitalizations or confinement, diagnoses, or any other information pertaining to and concerning my physical or mental condition and treatment or billing/payment information relating thereto. I understand "protected health information" also includes records disclosed to my health care providers by health care providers and facilities who previously provided treatment to me. I understand "protected health information" may also include information and records protected under Federal Law (such as alcohol and drug abuse treatment information) and/or protected under State Law (such as mental health treatment or AIDS (Acquired Immunodeficiency Syndrome) or HIV (Human Immunodeficiency Virus). I specifically authorize the disclosure of any and all protected health information, opinions, records, medical records, medical history, consultation, prescription or treatment relating to my physical or mental health and relating to any referral, diagnosis or treatment for alcohol or drug use. I also specifically authorize the disclosure of any and all papers concerning any claim or claims which have been filed by me against any employer or employers before the Workmen's Compensation Commission, or any commission of any other state.

Allen000032

This authorization permits only the copying of any and all papers, records, etc. Original x-rays may be required because of the nature of the claim I am making. X-ray copies cannot be interpreted for certain conditions, and therefore copies are not effective. Copies may be maintained by the hospital or other organization if deemed necessary, but the original x-rays must be turned over when a request for them is accompanied by this authorization.

Discussions with healthcare providers must be limited to the obtaining of materials and the scheduling of depositions, hearings, and trials. However, such healthcare providers are authorized by me to disclose and explain my protected health information during depositions, hearings, trials or other proceedings in the above Lawsuit.

**Person(s) Authorized to Make the Use or Disclosure:**
Any physician, hospital, health care provider, health facility, institution and governmental or private agency, including the Workmen's Compensation Commission, which possesses any of my protected health information is authorized to make the uses and disclosures specified in this authorization.

**Recipient(s) of Use or Disclosure:**
My protected health information may be used by or disclosed to the attorneys, consultants, experts, employees and other agents hired or employed by **McDONALD TOOLE WIGGINS, P.A.**, or its legal counsel, in connection with, or for purposes of, defense of the Lawsuit.

**Purpose(s) of the Use or Disclosure:**
The purpose of the use or disclosure is to provide my protected health information regarding my care and treatment, including information as to the claims and injuries I have asserted in the Lawsuit. I understand that production of my protected health information to the recipients is necessary to evaluate the claims and injuries I have asserted in the Lawsuit. I authorize the use of my protected health information in discovery, depositions, hearings, trials, and other proceedings in connection with the Lawsuit, and I understand such protected health information will be used only for purposes provided for herein. This authorization will expire at the close of litigation, including all appeals, for the Lawsuit.

I understand I may revoke this Authorization by submitting a written revocation to

McDonald Toole Wiggins, P.A.                , who shall forward such revocation to those persons or

facilities from whom my protected health information has been requested in connection with the

Lawsuit. However, such revocation will not be effective with respect to any use or disclosure made

in reliance on this Authorization before the person or entity making the disclosure received my

revocation. I understand that health care providers and facilities cannot condition my treatment on

whether or not I sign this Authorization.

I understand my protected health information used or disclosed pursuant to this Authorization may be subject to redisclosure by the recipients, in which case it might no longer be protected under the HIPAA Privacy Rule.

Allen000033

This authorization is continuing in nature and maintains full force and effect for use in obtaining my protected health information dated both before and after the date of this document.

A photocopy of this authorization shall have the same force and effect as the original, and the parties authorized to use, disclose, or receive my protected health information hereunder may rely on it as if it were.

Harley Dwayne Allen
_____
Print Patient Name

*Harley Allen*
_____
Patient Signature

█████
_____
Patient Social Security Number

*04-01-21*
_____
Date of Signature

**Or**

_____
Personal Representative of Patient

_____
Date of Signature

Basis of Personal Representative's authority to sign for patient: _____

**Note:** A copy of the signed Authorization must be provided to Patient.

STATE OF           )
                       ) ss.
COUNTY OF        )

Subscribed and sworn to before me this ____ day of _____, 20____ by

_____
Notary Public

My commission expires:

Allen000034

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

HARLEY DWAYNE ALLEN,

      Plaintiff,                                        CASE NO.: 4:19cv8-MCR/GRJ

      vs.

BP EXPLORATION & PRODUCTION
INC. & BP AMERICA PRODUCTION
COMPANY,

      Defendants.

_____/

### CERTIFICATE OF NON- OBJECTION AND HIPAA COMPLIANCE

In compliance with the Health Insurance Portability and Accountability Act of 1996 (HIPAA), and 45 CFR 164.510 and 164.512(e)(1)(ii)(A), I, Sarah A. Long, as the attorney issuing the above-named subpoena, do hereby certify that a written notice and a copy of this subpoena have been furnished to the above-referenced individual, via counsel of record, and that the undersigned received notification from Harley Dwayne Allen's counsel of record advising that they have no objection to the Subpoena.

DATED:  April 22, 2021

SARAH A. LONG, ESQ.
Florida Bar No. 0080543
MCDONALD TOOLE WIGGINS, P.A.
111 N. Magnolia Avenue, Suite 1200
Orlando, FL 32801
Telephone: (407) 246-1800
Facsimile:  (407) 246-1895
slong@mtwlegal.com
AllenvBP@mtwlegal.com

# AFFIDAVIT OF PROCESS SERVER

Job # 2021000227

**Client Info:**

MCDONALD TOOLE WIGGINS, P.A. - SARAH A. LONG, ESQ.
111 N. MAGNOLIA AVE.
STE. 1200
Orlando, FL 32801

**Case Info:**

| | |
|---|---|
| **PLAINTIFF:** | DISTRICT COURT |
| HARLEY DWAYNE ALLEN | Court Division: TALLAHASSEE DIVISION |
| -versus- | Court Date: 5/14/2021 Time: 09:00 AM |
| **DEFENDANT:** | County of NORTHERN DISTRICT OF FLORIDA, Florida |
| BP EXPLORATION & PRODUCTION INC., ET AL | Court Case # **4:19CV8-MCR/GRJ** |

**Service Info:**

**Date Received:** 4/22/2021 at 01:03 PM
**Service:** I Served RONALD D. LIPPMANN, DO
With: **UNITED STATES DISTRICT COURT SUBPOENA TO PRODUCE DOCUMENTS, AUTHORIZATION, CERTIFICATE OF NON- OBJECTION AND HIPAA COMPLIANCE, SCHEDULE "A"**
by leaving with **BARBARA CARRERA, AUTHORIZED TO ACCEPT**

**At Business 2381 MASON AVE. STE. 100 DAYTONA BEACH, FL 32117**
Latitude: 29.207367,  Longitude: -81.092628

On 4/27/2021 at 12:05 PM
**Manner of Service: CORPORATE**
CORPORATE SERVICE WAS PERFORMED BY DELIVERING A TRUE COPY TO DESIGNATED PERSON TO ACCEPT PURSUANT TO F.S.
48.081 (1)(a)(b)(c)(d), (2) or (3).

**Served Description:** (Approx)

Age: 45, Sex: Female, Race: Hispanic, Height: 5' 7", Weight: 155, Hair: Blond Glasses: No

**Service was Attempted on:**

(1) 4/23/2021 at 09:24 AM, by JOSHUA KES Loc: 2381 MASON AVE., STE. 100, DAYTONA BEACH, FL 32117
Latitude: 29.228073
Longitude: -81.027717

(2) 4/24/2021 at 09:47 AM, by JOSHUA KES Loc: 442 GOLF BOULEVARD, DAYTONA BEACH, FL 32118
Latitude: 29.248367
Longitude: -81.021106

I Joshua Kes , acknowledge that I am authorized to serve process, in good standing in the jurisdiction wherein the process was served and I have no interest in the above , action. Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true.

Signature of Server: _____
**Joshua Kes**
**Lic # Court Appointed**
**LEGAL SERVE USA**
147 BRIDGEHAVEN DR
Palm Coast, FL 32137
Phone: (386) 237-0607

Our Job # **2021000227**

SUBSCRIBED AND SWORN TO BEFORE ME THIS _28_ DAY OF _April_ _2021_ BY Joshua Kes, BY MEANS OF [X] PHYSICAL PRESENCE OR [ ] ONLINE NOTARIZATION, AND PROVED TO ME ON THE BASIS OF SATISFACTORY EVIDENCE TO BE THE PERSON(S) WHO APPEARED BEFORE ME.

ALEXSEY FEDOTOV
Notary Public - State of Florida
Commission # HH 031849
My Comm. Expires Oct 14, 2024
Bonded through National Notary Assn.

_Alexsey Fedotov_
NOTARY PUBLIC in the state of Florida

1 of 1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### Northern District of Florida

| | |
|---|---|
| CHRISTOPHER WILLIAM BROWN | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 3:19-cv-00423-MCR-EMT |
| BP EXPLORATION & PRODUCTION INC. & BP AMERICA PRODUCTION COMPANY | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                          Ron Lippmann, D.O., P.A.
            Vitas Healthcare at 2381 Mason Avenue, Suite 100, Daytona Beach, FL 32117
*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: McDonald Toole Wiggins, P.A., 111 N. Magnolia, Suite 1200, Orlando, FL 32801 | Date and Time: 05/04/2021 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    04/19/2021

| *CLERK OF COURT* | |
|---|---|
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* BP Exploration & Production, Inc. & BP America Production Company            , who issues or requests this subpoena, are:

Sarah A. Long, 111 N. Magnolia, Suite 1200, Orlando, FL 32801; slong@mtwlegal.com; (407)246-1800

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Exhibit B

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:19-cv-00423-MCR-EMT

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
   (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably useable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**SCHEDULE "A"**

**CHRISTOPHER WILLIAM BROWN**
**DOB:** ████
**SSN:** ████

REPRODUCTION COSTS DIRECTLY RELATED TO THIS SUBPOENA & SCHEDULE A THAT EXCEED $250.00 REQUIRE AUTHORIZATION FROM OUR OFFICE AT (407) 246-1800 _PRIOR_ TO PRODUCTION. OTHERWISE, ALL ITEMIZED STATEMENTS FOR REASONABLE COST REIMBURSEMENTS MAY BE ISSUED WITH THE RECORDS RESPONSE IN THE METHOD PROVIDED, OR PREPAYMENT REQUESTS UP TO $250.00, MAY BE SUBMITTED TO INVOICES@MTWLEGAL.COM FOR PROCESSING

|  |  | Produced | No Such Records Exist |
|---|---|---|---|
| 1. | New Patient Background Forms, intake questionnaires | _____ | _____ |
| 2. | Insurance Papers or Forms | _____ | _____ |
| 3. | Incident or Accident Memoranda or Forms | _____ | _____ |
| 4. | Entire chart front to back including all records and office notes (handwritten and/or typed) | _____ | _____ |
| 5. | A list of all diagnostic films maintained and/or stored by or on behalf of your facility (including electronically) | _____ | _____ |
| 6. | All diagnostic tests results and/or interpretations | _____ | _____ |
| 7. | History & Physical | _____ | _____ |
| 8. | Nurses' Notes | _____ | _____ |
| 9. | Doctors' Notes, Orders and Progress Notes | _____ | _____ |
| 10. | Reports of Surgical Procedures | _____ | _____ |
| 11. | Therapy Notes | _____ | _____ |
| 12. | Laboratory Results | _____ | _____ |
| 13. | Photographs | _____ | _____ |
| 14. | Psychiatric/Psychological Evaluations | _____ | _____ |
| 15. | Correspondence to or from any source | _____ | _____ |
| 16. | Memoranda from any source | _____ | _____ |
| 17. | Emergency Care Documentation | _____ | _____ |
| 18. | Notes of Documentation from any Hospital | _____ | _____ |
| 19. | Consultation Reports | _____ | _____ |
| 20. | Prescriptions, pharmaceutical records, request or orders | _____ | _____ |
| 21. | Ambulance/EMS Records | _____ | _____ |
| 22. | Outpatient Records | _____ | _____ |
| 23. | Consent forms, explanation of procedures given to patient or responsible parties | _____ | _____ |
| 24. | Any written information of whatever nature, kind or description which pertains in particular to the patient named | _____ | _____ |
| 25. | Printed copies of all information/data/images and/or records maintained or stored electronically and/or off site | _____ | _____ |
| 26. | Itemized billing statements which includes dates of service, charged amounts, amounts paid, amounts written off, payor information, balances and ICD/diagnosis codes | _____ | _____ |

Records Check Made By:_____

Please Print Name:_____

Records Check Verified By:_____

Please Print Name:_____

## AUTHORIZATION FOR DISCLOSURE OF PROTECTED HEALTH INFORMATION

To: _____
    (Provider Name)

**Patient Name:** Christopher W Brown

**Address:** 1234 Browns Ln Gulf Breeze FL 32563

**Phone:** 850 797 6464

**Date of Birth:** ▮▮▮▮▮▮

**SSN:** ▮▮▮▮▮▮▮▮

**Regarding:** _____ v. BP America Production Company, et al., Civil Action File/Case No: 3:19-cv-00423-MCR-EMT, United States District Court, __Northern__ District of Florida, __Pensacola__ Division ("the Lawsuit")

I authorize the information to be disclosed to and used by the following individual and /or organization:

**McDonald Toole Wiggins, P.A., 111 North Magnolia, Suite 1200, Orlando, FL 32801**

**ATTN: Sarah A. Long**

**For the purpose of: a claim, lawsuit or arbitration proceeding.**

**Information to be Used or Disclosed:**
I authorize any physician, hospital, health care provider, health facility, and governmental or private agency, including the Workmen's Compensation Commission, and each of them together with their respective employees and/or agents, to disclose my "protected health information" to Legal Counsel (defined below), as specified in this Authorization and set forth in privacy regulations issued pursuant to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA Privacy Rule").

I understand that my protected health information includes any and all medical records, medical opinions if in writing, original x-rays, papers, notes and histories, pathology, tissue samples, cytology, blocks, slides, or other pathology specimens, or any other documents, records or papers concerning any past medical history and/or treatment, examinations, periods of hospitalizations or confinement, diagnoses, or any other information pertaining to and concerning my physical or mental condition and treatment or billing/payment information relating thereto. I understand "protected health information" also includes records disclosed to my health care providers by health care providers and facilities who previously provided treatment to me. I understand "protected health information" may also include information and records protected under Federal Law (such as alcohol and drug abuse treatment information) and/or protected under State Law (such as mental health treatment or AIDS (Acquired Immunodeficiency Syndrome) or HIV (Human Immunodeficiency Virus). I specifically authorize the disclosure of any and all protected health information, opinions, records, medical records, medical history, consultation, prescription or treatment relating to my physical or mental health and relating to any referral, diagnosis or treatment for alcohol or drug use. I also specifically authorize the disclosure of any and all papers concerning any claim or claims which have been filed by me against any employer or employers before the Workmen's Compensation Commission, or any commission of any other state.

This authorization permits only the copying of any and all papers, records, etc. Original x-rays may be required because of the nature of the claim I am making. X-ray copies cannot be interpreted for certain conditions, and therefore copies are not effective. Copies may be maintained by the hospital or other organization if deemed necessary, but the original x-rays must be turned over when a request for them is accompanied by this authorization.

Discussions with healthcare providers must be limited to the obtaining of materials and the scheduling of depositions, hearings, and trials. However, such healthcare providers are authorized by me to disclose and explain my protected health information during depositions, hearings, trials or other proceedings in the above Lawsuit.

**Person(s) Authorized to Make the Use or Disclosure:**
Any physician, hospital, health care provider, health facility, institution and governmental or private agency, including the Workmen's Compensation Commission, which possesses any of my protected health information is authorized to make the uses and disclosures specified in this authorization.

**Recipient(s) of Use or Disclosure:**
My protected health information may be used by or disclosed to the attorneys, consultants, experts, employees and other agents hired or employed by **McDONALD TOOLE WIGGINS, P.A.**, or its legal counsel, in connection with, or for purposes of, defense of the Lawsuit.

**Purpose(s) of the Use or Disclosure:**
The purpose of the use or disclosure is to provide my protected health information regarding my care and treatment, including information as to the claims and injuries I have asserted in the Lawsuit. I understand that production of my protected health information to the recipients is necessary to evaluate the claims and injuries I have asserted in the Lawsuit. I authorize the use of my protected health information in discovery, depositions, hearings, trials, and other proceedings in connection with the Lawsuit, and I understand such protected health information will be used only for purposes provided for herein. This authorization will expire at the close of litigation, including all appeals, for the Lawsuit.

I understand I may revoke this Authorization by submitting a written revocation to McDonald Toole Wiggins, P.A. , who shall forward such revocation to those persons or facilities from whom my protected health information has been requested in connection with the Lawsuit. However, such revocation will not be effective with respect to any use or disclosure made in reliance on this Authorization before the person or entity making the disclosure received my revocation. I understand that health care providers and facilities cannot condition my treatment on whether or not I sign this Authorization.

I understand my protected health information used or disclosed pursuant to this Authorization may be subject to redisclosure by the recipients, in which case it might no longer be protected under the HIPAA Privacy Rule.

This authorization is continuing in nature and maintains full force and effect for use in obtaining my protected health information dated both before and after the date of this document.

A photocopy of this authorization shall have the same force and effect as the original, and the parties authorized to use, disclose, or receive my protected health information hereunder may rely on it as if it were.

Christopher Brown
Print Patient Name

Christopher W Brown
Patient Signature

Patient Social Security Number

3 - 31 - 21
Date of Signature

**Or**

_____
Personal Representative of Patient

_____
Date of Signature

Basis of Personal Representative's authority to sign for patient: _____

**Note:** A copy of the signed Authorization must be provided to Patient.

STATE OF Florida )
COUNTY OF Santa Rosa ) ss.

Subscribed and sworn to before me this 31st day of March , 20 21 by

S Ashley Tyler
Notary Public

My commission expires: 05/20/2024

S. ASHLEY TYLER
NOTARY
Commission Expires
05/20/2024
HH# 2173
PUBLIC
STATE OF FLORIDA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHRISTOPHER WILLIAM BROWN,

       Plaintiff,              CASE NO.: 3:19-cv-00423-MCR-EMT

vs.

BP EXPLORATION & PRODUCTION
INC. & BP AMERICA PRODUCTION
COMPANY,

       Defendants.

_____/

### CERTIFICATE OF NON- OBJECTION AND HIPAA COMPLIANCE

    In compliance with the Health Insurance Portability and Accountability Act of 1996 (HIPAA), and 45 CFR 164.510 and 164.512(e)(1)(ii)(A), I, Sarah A. Long, as the attorney issuing the above-named subpoena, do hereby certify that a written notice and a copy of this subpoena have been furnished to the above-referenced individual, via counsel of record, and that the undersigned received notification from Christopher William Brown's counsel of record advising that they have no objection to the Subpoena.

DATED: 4/21/2021

                                               _____
                                          SARAH A. LONG, ESQ.
                                          Florida Bar No. 0080543
                                          MCDONALD TOOLE WIGGINS, P.A.
                                          111 N. Magnolia Avenue, Suite 1200
                                          Orlando, FL 32801
                                          Telephone: (407) 246-1800
                                          Facsimile:  (407) 246-1895
                                          slong@mtwlegal.com
                                          BrownvBP@mtwlegal.com

# AFFIDAVIT OF PROCESS SERVER

Job # 2021000208

**Client Info:**
MCDONALD TOOLE WIGGINS, P.A. - SARAH A. LONG, ESQ.
111 N. MAGNOLIA AVE.
STE. 1200
Orlando, FL 32801

**Case Info:**

|  |  |
|---|---|
| **PLAINTIFF:** | DISTRICT COURT |
| CHRISTOPHER WILLIAM BROWN | Court Division: PENSACOLA DIVISION |
| -versus- | Court Date: 5/4/2021 Time: 09:00 AM |
| **DEFENDANT:** | County of NORTHERN DISTRICT OF FLORIDA, Florida |
| BP EXPLORATION & PRODUCTION INC., ET AL. | Court Case # 3:19-CV-00423-MCR-EMT |

**Service Info:**

**Date Received:** 4/21/2021 at 11:24 AM
**Service:** I Served RON LIPPMAN, D.O., P.A., VITAS HEALTHCARE
With: UNITED STATES DISTRICT COURT SUBPOENA TO PRODUCE DOCUMENTS, AUTHORIZATION, CERTIFICATE OF
NON- OBJECTION AND HIPAA COMPLIANCE, SCHEDULE "A"
by leaving with BARBARA CARRERA, AUTHORIZED TO ACCEPT

At Business **2381 MASON AVE. STE. 100 DAYTONA BEACH, FL 32117**
Latitude: 29.207367,  Longitude: -81.092628

On 4/27/2021 at 12:05 PM
**Manner of Service: CORPORATE**
CORPORATE SERVICE WAS PERFORMED BY DELIVERING A TRUE COPY TO DESIGNATED PERSON TO ACCEPT PURSUANT TO F.S.
48.081 (1)(a)(b)(c)(d). (2) or (3).

**Served Description:** (Approx)

Age: 45, Sex: Female, Race: Hispanic, Height: 5' 7", Weight: 155, Hair: Blond Glasses:  No

**Service was Attempted on:**

**(1)** 4/23/2021 at 09:24 AM, by JOSHUA KES Loc: 2381 MASON AVE., STE. 100, DAYTONA BEACH, FL 32117
Latitude: 29.228073
Longitude: -81.027717

**(2)** 4/24/2021 at 09:36 AM, by JOSHUA KES Loc: 442 GOLF BOULEVARD, DAYTONA BEACH, FL 32114

I Joshua Kes , acknowledge that I am authorized to serve process, in good standing in the jurisdiction wherein the process was
served and I have no interest in the above , action. Under penalties of perjury, I declare that I have read the foregoing document and
that the facts stated in it are true.

Signature of Server: _____
**Joshua Kes**
Lic # Court Appointed
**LEGAL SERVE USA**
147 BRIDGEHAVEN DR
Palm Coast, FL 32137
Phone: (386) 237-0607

Our Job # 2021000208

SUBSCRIBED AND SWORN TO BEFORE ME THIS _28_ DAY OF _April_ _2021_ BY Joshua Kes, BY MEANS
OF [X] PHYSICAL PRESENCE OR [ ] ONLINE NOTARIZATION, AND PROVED TO ME ON THE BASIS OF SATISFACTORY EVIDENCE TO
BE THE PERSON(S) WHO APPEARED BEFORE ME.

ALEXSEY FEDOTOV
Notary Public - State of Florida
Commission # HH 093849
My Comm. Expires Oct 14, 2024
Bonded through National Notary Assn.

_Alexsey Fedotov_
NOTARY PUBLIC for the state of Florida




1 of 1

## EXHIBIT C

| No. | Plaintiff Last Name | Plaintiff First Name | Case No. | Plaintiff's Counsel |
|---|---|---|---|---|
| 1 | Allen | Harley | 4:19-cv-00008 | Downs Law Group |
| 2 | Arnette | Bobbie | 3:19-cv-03055 | Downs Law Group |
| 3 | Barkley | Shon | 5:19-cv-00048 | Downs Law Group |
| 4 | Batey | Kenny | 5:19-cv-00129 | Downs Law Group |
| 5 | Bennett | Johnny | 5:19-cv-00204 | Downs Law Group |
| 6 | Blount | Larry | 5:19-cv-00227 | Downs Law Group |
| 7 | Bowdry | Fabrice | 5:19-cv-00539 | Downs Law Group |
| 8 | Brackins | Jonah | 5:19-cv-00147 | Downs Law Group |
| 9 | Brown | Christopher | 3:19-cv-00423 | Downs Law Group |
| 10 | Brown | Terrance | 5:19-cv-00150 | Downs Law Group |
| 11 | Brown | Timothy | 5:19-cv-00369 | Downs Law Group |
| 12 | Cartagena | Florentina | 4:19-cv-00549 | Downs Law Group |
| 13 | Casana-Aberdeen | Deonnie | 5:19-cv-00224 | Downs Law Group |
| 14 | Coleman | Thomas | 5:19-cv-00259 | Downs Law Group |
| 15 | Cook | Shaunette | 3:19-cv-03352 | Downs Law Group |
| 16 | Creamer | Jonathan | 4:19-cv-00387 | Downs Law Group |
| 17 | Crowder | Tristian | 5:19-cv-00390 | Downs Law Group |
| 18 | Davenport | Kenneth | 5:18-cv-00245 | Downs Law Group |

| 19 | Finch | Dallas | 4:19-cv-00123 | Downs Law Group |
|----|-------|--------|---------------|-----------------|
| 20 | Franklin | Dalreco | 5:19-cv-00223 | Downs Law Group |
| 21 | French | Jimmie | 3:19-cv-02026 | Downs Law Group |
| 22 | Gaines | Rickey | 5:19-cv-00221 | Downs Law Group |
| 23 | Gerkin | Travis | 5:19-cv-00273 | Downs Law Group |
| 24 | Harvey | Kevin | 5:19-cv-00072 | Downs Law Group |
| 25 | Holt | Dalton | 5:19-cv-00011 | Downs Law Group |
| 26 | Hunt | Leroy | 3:19-cv-00019 | Downs Law Group |
| 27 | Ingrahm | Phillip | 5:19-cv-00199 | Downs Law Group |
| 28 | Jackson | Willie | 5:19-cv-00232 | Downs Law Group |
| 29 | Johnson | Zebulun | 5:19-cv-00391 | Downs Law Group |
| 30 | Lowder | Marcus | 5:20-cv-00155 | Downs Law Group |
| 31 | Lowery | Daniel | 3:20-cv-03646 | Downs Law Group |
| 32 | Marengo | Jose | 3:19-cv-00007 | Downs Law Group |
| 33 | Mattiford | David | 3:18-cv-02233 | Downs Law Group |
| 34 | Miller | Janaya | 5:19-cv-00148 | Downs Law Group |
| 35 | Moulder | Michael | 5:19-cv-00012 | Downs Law Group |
| 36 | Napier | Larkin | 5:19-cv-00228 | Downs Law Group |
| 37 | Perdue | Jacob | 5:19-cv-00233 | Downs Law Group |
| 38 | Peterson | Erick | 4:19-cv-00252 | Downs Law Group |

| 39 | Prevost | Juan | 5:19-cv-00186 | Downs Law Group |
|----|---------|------|---------------|-----------------|
| 40 | Ravert | Richard | 5:19-cv-00367 | Downs Law Group |
| 41 | Robinson | Dwayne | 5:19-cv-00130 | Downs Law Group |
| 42 | Sostre | Hector | 3:19-cv-03608 | Downs Law Group |
| 43 | Stephens | Jessica | 5:19-cv-00037 | Downs Law Group |
| 44 | Turner | Douglas | 5:19-cv-00334 | Downs Law Group |
| 45 | Wesley | Willie | 5:19-cv-00069 | Downs Law Group |
| 46 | Wilson | William | 4:19-cv-00009 | Downs Law Group |
| 47 | Woods | Jason | 5:19-cv-00200 | Downs Law Group |
| 48 | Britt | Michael | 5:19-cv-00051 | Downs Law Group |
| 49 | Holley | Devon | 5:19-cv-00343 | Downs Law Group |
| 50 | Kirkland | Luther | 5:19-cv-00462 | Downs Law Group |
| 51 | Bates | Diana Jo | 5:19-cv-00158 | Downs Law Group |
| 52 | Jenkins | Lester | 5:19-cv-00260 | Downs Law Group |
| 53 | Deloy | William | 5:19-cv-00453 | Downs Law Group |