## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

IN RE: DEEPWATER HORIZON
BELO CASES

This Document Relates to:
*Harley Allen*, 4:19-cv-08
*Larry Blount*, 5:19-cv-227
*Fabrice Bowdry*, 5:19-cv-539
*Christopher William Brown*, 3:19-cv-423
*Timothy A. Brown, Jr.*, 5:19-cv-369
*Thomas Coleman*, 5:19-cv-259
*Shaunette Cook*, 3:19-cv-3352
*Tristian Crowder*, 5:19-cv-390
*Dallas Finch*, 4:19-cv-123
*Travis R. Gerkin*, 5:19-cv-273
*Devon Holley*, 5:19-cv-343
*Zebulun Johnson*, 5:19-cv-391
*Luther Kirkland*, 5:19-cv-462
*Daniel Lowery*, 3:20-cv-3646
*Jose Marengo*, 3:19-cv-07
*Michael Moulder*, 5:19-cv-12
*Hector Sostre*, 3:19-cv-3608
*Jason Woods*, 5:19-cv-200

Case No. 3:19-cv-963

Judge M. Casey Rodgers
Magistrate Judge Gary R. Jones

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' RENEWED RULE 56(d) REQUEST TO DEFER OR DENY BP'S MOTION FOR SUMMARY JUDGMENT

COMES NOW, Downs Law Group BELO Plaintiffs, by and through

undersigned counsel, and respectfully submits this Memorandum in Support of

Request to Defer or Deny BP's Motion for Summary Judgment [Doc. 329] pursuant

to Federal Rule of Civil Procedure 56(d) and 56(d). In support, Plaintiffs state the following:

## I.     **BACKGROUND**

1.      On September 16, 2021, prior to the time designated in the Scheduling Orders for expert disclosures, the BP Defendants filed a Motion for Summary Judgment ("MSJ") [Doc. 328] based on a purported lack of admissible evidence supporting *diagnosis*. In its MSJ, BP relied primarily on the purported testimony of Dr. Lippmann contained in an affidavit dated August 18, 2021 ("Affidavit").[1]

2.      Plaintiffs issued a subpoena for deposition duces tecum to Dr. Ron Lippmann in the case of *Moulder v. BP* [Case No.: 19-cv-00012] on October 25, 2021 ("Subpoena").

3.      Prior to the issuance of the Subpoena, Plaintiffs diligently engaged in discovery and the cases in this District had largely been stayed for the bellwether selections and processes. After the Court's adjudication of the First Round of bellwethers, where BP's Motion for Summary Judgment on General Causation was granted, Plaintiffs' counsel retained a number of new highly qualified experts to opine on differential diagnosis, general causation, specific causation, the harmful level and extent of exposure, oil fate and transport, and damages. Plaintiffs have

---

[1]   The Affidavit was filed as Exhibit D to BP's Memorandum in Support of MSA, Doc. 329-4.

undergone additional diagnostic tests and expert discovery to confirm the correct diagnoses of their respective LMPCs alleged in their complaints.

4.    Plaintiffs filed a Motion for Leave to Take Depositions and/or Clarification of the Corrected, Amended, and Revised Case Management Order "CARCMO "on October 29, 2021, in order to secure additional discovery related to Dr. Lippmann's medical practice, the medical records generated in Dr. Lippmann's office, and the affidavit of Dr. Lippmann submitted by BP in support of its Motion for Summary Judgment.[2]

5.    BP filed its Response to Plaintiffs' Motion for Leave on November 11, 2021 [Doc. 371] alleging, among other things, that the CARCMO [Doc. 342] allows for no additional discovery for the cases currently stayed even where expert discovery was incomplete. BP argued that allowing additional discovery regarding the records of "first diagnosis" subject to BP's Motion for Summary Judgment would be prejudicial.

6.    In the case of *Moulder*,[3] BP filed an Emergency Motion for Protective Order [Moulder Doc. 56] to prevent Plaintiffs from taking Dr. Lippmann's deposition on the topic of admissibility of medical records from MedSouth clinic for the BELO cases currently stayed put where BP's MSJ was pending. This Court

---

[2] *See* Doc. 361.
[3] Case No: 5:19-cv-00012-MCR-GRJ.

3

denied BP's Motion in part, granting in part, allowing limited deposition for the bellwether cases.

7.    Plaintiffs' counsel deposed Dr. Lippmann on November 16, 2021 pursuant to a subpoena for deposition. The examination uncovered alarming facts concerning improper *ex parte* communications between counsel for BP and Plaintiffs' expert and diagnosing physician. The deposition generated sworn testimony that directly contradicts BP's Affidavit as well as a new, separate, sworn affidavit.[4] Dr. Lippmann also testified that he made the final diagnoses of the Plaintiffs, supervised physician assistants, and only signed an affidavit prepared by BP's counsel so that he could stop harassing subpoenas being directed to his business and home.

## II.    <u>LEGAL STANDARD</u>

"[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."[5] Pursuant to Federal Rule of Civil Procedure 56(d), "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the [C]ourt may . . . (1) defer

---

[4]   *See* November 15, 2021 affidavit of Dr. Lippmann, attached as Exhibit 1.
[5]   *Rosbough v. Fla. State Univ.*, No. 4:15CV583-RH/CAS, 2017 WL 4019452, at *3 (N.D. Fla. Aug. 21, 2017), *report and recommendation adopted*, No. 4:15CV583-RH/CAS, 2017 WL 4012962 (N.D. Fla. Sept. 12, 2017) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).

considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."[6] In the spirit of Rule 56(d), and as it specifically applies to the requirement of a supporting declaration or affidavit, "[f]orm is not to be exalted over fair procedures."[7]

Requests made under Rule 56(d) are not "automatic" but "requests for further discovery should ordinarily be treated liberally."[8] Rule 56(d) discovery requests are "'broadly favored and should be liberally granted' because the rule is designed to 'safeguard non-moving parties from summary judgment motions that they cannot adequately oppose.'"[9] As the Eleventh Circuit has held, although Rule 56(d) affidavits may not be based on blanket assertions that do not demonstrate how postponement of judgment will allow a party to adequately oppose summary judgment, "[Rule 56(d)] is infused with a spirit of liberality . . . ."[10]

Under Federal Rule of Civil Procedure 56(e), this Court is granted wide discretion to give an opportunity to properly support or address facts or enter any

---

[6] Fed. R. Civ. P. 56(d).

[7] *See Littlejohn v. Shell Oil Co.*, 483 F.2d 1140, 1146 (5th Cir. 1973) (vacating summary judgment to prevent possible injustice and ruling that a written letter by plaintiff's counsel, even though not in affidavit form, satisfied Rule 56).

[8] *Cerveny v. Aventis, Inc*., 855 F.3d 1091, 1110 (10th Cir. 2017).

[9] *See Am. Family Life Assur. Co. of Columbus v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013) (quoting *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010)); *see also Dantonio v. Sw. Educ. Dev*., No. CIV.A. 11-1477, 2012 WL 952751, at *1 (E.D. La. Mar. 20, 2012) ("Rule 56(d) motions are generally favored and should be liberally granted.") (citing *Int'l Shortstop, Inc. v. Rally's Inc*., 939 F.2d 1257, 1267 (5th Cir.1991)).

[10] *See Wallace v. Brownell Pontiac-GMC Co*., 703 F.2d 525, 527 (11th Cir. 1983); see also Reflectone, Inc. v. Farrand Optical Co., 862 F.2d 841, 844 (11th Cir. 1989).

appropriate order to provide opportunity for the non-moving party to properly address certain facts raised in support of a motion for summary judgment.[11] In addition to governing the course of action where a party has failed to comply with Rule 56(c), Rule 56(e) provides a safety valve for the district courts to protect litigants from having meritorious claims dismissed on procedural technicalities or inadequate records. Under Rule 56(e), the Court may enter appropriate orders under its own discretion, even absent motion or supporting affidavit. As the Court stated, "[t]he 2010 [advisory committee's] notes further state that Rule 56(e) 'orders should be designed to encourage proper presentation of the record.'"[12]

## III.   <u>SUMMARY OF ARGUMENT</u>

Plaintiff's position is firstly that BP's MSJ is premature and should be denied. Secondly, if the Court is inclined to build a more complete record regarding the facts in dispute in the MSA, it should allow additional time for Plaintiffs to take discovery on an improperly obtained Lippmann affidavit and *ex parte* communications with

---

[11]  *E.g., see Rollins v. Aaron's, Inc.*, No. 1:15-CV-57(WLS), 2017 WL 2843716 (M.D. Ga. Mar. 16, 2017) (granting relief under 56(e) to allow the non-moving party to properly support assertions made in a brief in opposition to summary judgment by amending the statement of material facts and ordering the moving party to file on the record a deposition transcript to create an adequate record after the time for briefing has expired).

[12]  Order on Emergency Motion for Protective Order, *Moulder v. BP*, Case No.: 5:19-cv-00012-MCR-GRJ, Doc. 65 at 7 (internal citation omitted).

Dr. Lippmann that should result in sanctions. Dr. Lippmann's recent sworn affidavit, attached herein as Exhibit 1, provides sufficient evidence to deny BP's Motion with prejudice and prevent BP from ever using its improperly obtained Affidavit for any purposes whatsoever. Third, if necessary, the Court may enter an order allowing Plaintiffs to file either a supplemental opposition brief or a Motion for Sanctions before it takes up consideration of BP's MSJ.

## IV.   **ARGUMENT**

Ongoing discovery in the instant cases has revealed important new evidence that affirmatively demonstrates (1) a genuine issue of material fact exists regarding the admissibility and authenticity of the medical records from the Med South Clinic; and (2) Plaintiffs cannot adequately facts essential to justify their opposition to BP's Motion for Summary Judgment because new vital evidence was uncovered in a deposition taken after the MSJ briefing was completed. In either situation, summary judgment should be denied or deferred so that Plaintiffs may take additional discovery or proceed to efficiently adjudicate the bellwether cases on the merits pursuant to Rule 56(d) and 56(e). The first issue has already been thoroughly briefed in Plaintiffs' Opposition to MSJ. This Motion concerns the second issue.

**A) Plaintiffs cannot adequately present facts essential to justify their full opposition to Summary Judgment.**

Recent discovery taken by Plaintiffs has revealed that the Affidavit purported to be of Dr. Lippmann's testimony was improperly obtained after *ex parte* and unsupervised communications between Dr. Lippmann and attorneys representing the BP Defendants. Because of this unfair and sanctionable conduct, the Court and numerous BP Oil Spill victims may be denied a proper presentation of the record. Regardless of whether Plaintiffs moved separately for Rule 56(d) or never moved for such relief, summary judgment is premature and should be denied.

Even in the absence of sanctionable conduct by BP, granting summary judgment on the inadequate record before the Court related to BP's Motion for Summary Judgment would violate the preamble rule to all Rules of Civil Procedure – requiring the Court and parties to administer said Rules to secure the "*just*, speedy, and inexpensive determination of every action."[13] As a general matter, Plaintiffs admit discovery need not be *complete* to grant summary judgment as a *per se* rule. However, it is admitted by BP here, and in fact affirmatively argued in its briefings, that the issue in dispute regarding correct diagnosis <u>must</u> be established by expert testimony. Yet, BP has disregarded the governing case law and the applicable times for designating experts in order in the Court's CMO's in an attempt to dismiss the instant cases on procedural technicalities rather than the merits. "[S]ince [the non-

---

[13]  *See id.* (quoting *Austin v. Kroger Texas, L.P.,* 864 F.3d 326, 337 (5th Cir. 2017)) (emphasis in original).

movant for summary judgment] must be afforded the opportunity to discover facts which will raise a genuine issue of material fact, summary judgment is simply premature."[14] Accordingly, Plaintiffs' position remains that summary judgment should be denied or deferred, whether under Rule 56(d), Rule 56(e), or some other grounds within the Court's broad discretion. BP has failed to meet its burden as the party moving for summary judgment and can only resort to fallback procedural arguments related to a purported violation of the MSA because it is aware that additional medical records and diagnostic tests can confirm the correct diagnoses of the Plaintiffs as alleged in their operative complaints. If the Court is inclined to rule that the record is minimally adequate to adjudicate summary judgment, Plaintiff requests relief pursuant to Federal Rule of Civil Procedure 56(d) or (e) because new essential facts regarding BP's Affidavit of purported testimony from Dr. Lippmann have been uncovered through discovery and Plaintiffs cannot present essential facts regarding the affidavit of Dr. Lippmann without taking further discovery; a path that will ultimately require Plaintiffs to move for further relief from the Court to strike the Affidavit from the record, or for use by the BP Defendants, among other sanctions.

---

[14] *Covington v. Sailormen Inc,* No. 110CV00252MPGRJ, 2011 WL 13112567 (N.D. Fla. June 3, 2011) (holding that the nonmovant had shown with particularity that further discovery was necessary in developing further genuine issues of material facts where it could not "conclusively and thoroughly" dispute the movant's undisputed facts).

After the briefing was completed for BP's Motion for Summary Judgment, important new evidence was revealed at the deposition of Dr. Lippmann on November 16, 2021. Astonishingly, BP's counsel engaged in improper *ex parte* communications and phone calls with Dr. Lippmann,[15] drafted multiple affidavits for Dr. Lippmann to sign and persuaded Dr. Lippmann to sign multiple affidavits drafted by Defense counsel.[16] The improper influence over Dr. Lippmann, who is not an attorney and was unrepresented by counsel, resulted in his signing the Affidavit of statements that he does not even attest to. As demonstrated by the November 16th deposition of Dr. Lippmann, had Dr. Lippmann been informed that copies the Plaintiffs' records existed, he would have been able to testify about his examination of the BELO Plaintiffs, as well as authenticate the first diagnostic medical records. Dr. Lippmann also testified at his deposition that his diagnoses of the Plaintiffs were conducted in the regular course of business of the MedSouth Clinic and that he made the final diagnoses pursuant to Florida Law.[17]

The Affidavit became an issue only after BP filed it in support of its Motion for Summary Judgment. The necessity of discovery of Dr. Lippmann's purportedly sworn statements in the Affidavit was not at issue until the summary judgment was

---

[15] Dr. Lippmann has testified that he was unaware that he was even preparing an affidavit for Defense counsel because he thought that he was communicating with counsel for the Plaintiffs even though he was communicating with counsel for BP.

[16] *See* Excerpt of Nov. 16, 2021 Deposition Tr. of Dr. Lippmann, attached as **Exhibit 2**.

[17] *See* Excerpt # 2 of Nov. 16, 2021, Deposition Tr. of Dr. Lippmann, attached as **Exhibit 3**.

filed. It is clearly erroneous to argue that Plaintiffs did not diligently obtain discovery of Dr. Lippmann's statement and BP's Affidavit prior to the briefing period for BP's Motion because the Affidavit was not disputed or the source of a summary judgment motion when the Court entered its Revised Case Management Order or when the bellwether selection process was underway.

In addition to the November 2021 affidavit of Dr. Lippmann, attached herein as Exhibit 1, Plaintiffs also submit a second attorney affidavit pursuant to Federal Rule of Civil Procedure 56(d) showing that, for specified reasons, Plaintiffs cannot present facts essential to justify their position.[18]

### B) Plaintiffs request to take additional specific and defined discovery that can be completed in a reasonable time.

Plaintiffs anticipate taking the following discovery to raise additional issues of material fact: <u>First</u>, Plaintiffs intend to issue a subpoena to the firm of McDonald Toole Wiggins, and/or individually named attorneys at that Defense firm.[19] <u>Second</u>, Plaintiffs intend to seek discovery of other counsel for the Defendants in this District that participated in any way in the improper *ex parte* communication and pressure campaign against Dr. Lippmann,[20] whether admitted *pro hac vice* or subject to

---

[18] *See* Rule 56(d) Attorney Affidavit, attached as **Exhibit 4.**
[19] Dr. Lippmann has provided a sworn testimony that improper *ex parte* communications occurred with this law firm. *See* **Exhibits 1-2.**
[20] The identity of other attorneys that participated in the *ex parte* communications have not been fleshed out yet.

Florida's laws governing *ex parte* communications with opposing party's doctors and expert witnesses. Plaintiffs anticipate filing a motion to preserve evidence for the phone logs, billing records, memorandum memorializing *ex parte* conferences with Dr. Lippmann, faxes to and from Dr. Lippmann and his office, emails, and letters regarding the same.[21] <u>Third</u>, Plaintiff anticipates taking a 30(b)(6) deposition of MedSouth clinic to authenticate the records of the Plaintiffs. Plaintiffs have completed the deposition of Dr. Lippmann as a fact witness, but a Rule 30(b)(6) deposition may be necessary to authenticate records or admit them under the business records exception of the Federal Rules of Evidence. Plaintiffs' position is that the law and facts available as of the date of this filing is sufficient to deny BP's MSJ, with prejudice and all associated costs in responding to the MSJ awarded to the Plaintiffs.

### C) The requested discovery would create new genuine issues of material facts essential to justify Plaintiffs' opposition to Summary Judgment and would add fairness to the Court's resolution of the MSJ.

The discovery sought by Plaintiffs is anticipated to raise genuine issues of material fact concerning the purported affidavit of Dr. Lippmann and the admissibility of the medical records from the MedSouth Clinic. Discovery is likely

---

[21] Even if billing records or certain documents are outside of the scope of discovery, Plaintiffs contend that those documents would be eligible for *in-camera* review by the Court and would be the most accurate record regarding the total time spent communicating *ex parte* with Plaintiffs' diagnosing physician and expert witness.

to uncover additional evidence that warrant drastic sanctions; or at the very minimum would necessitate the Court strike the Affidavit of Dr. Lippmann from the record and forbid the Defendants from using the affidavit for any purpose. The Court need not entertain the arguments raised by BP in its MSJ based on the purported Affidavit, or hold further hearings on it, because of the newly uncovered evidence concerning BP's sanctionable conduct regarding its unsupervised communications and manipulation of Dr. Lippmann. Put simply, if BP engaged in *ex parte* communications with Dr. Lippmann and filed an Affidavit containing its own testimony rather than Dr. Lippmann, the Court need not delay resolution of the MSJ further and should enter and order denying it with prejudice without delay so that the bellwether process can proceed, but perhaps with different counsel representing BP because of its conduct.

Unlike BP's absurd argument to the contrary, the requested additional time for discovery is necessary to rebut arguments and evidence in BP's Motion for Summary Judgment.[22]  Plaintiffs cannot thoroughly and conclusively dispute the facts raised in BP's Motion for Summary Judgment, or add additional essential genuine issues of material fact, without an allowance of time for further discovery

---

[22] *See* Doc. 371 at 7 (In response to Plaintiffs' Motion for Leave to Take Depositions on the admissibility of certain medical records that BP asserts that Plaintiffs cannot authenticate in its MSJ, BP asserts the oft-repeated trope that Plaintiffs are seeking to conduct "eleventh hour discovery that is irrelevant to the arguments in the MSJ.").

of BP's counsel regarding the purported Lippmann Affidavit, *ex parte* communications with Plaintiffs' doctor and expert witness, the record keeping of MedSouth Clinic,[23] and the completion of expert discovery. It is improper to grant summary judgment here on the issue of medical diagnosis based upon an inadequate record, and before the close of expert discovery.

Although 56(d) relief is not *required* for the Court to deny BP's MSJ as premature, the Court may elect to grant relief under that Rule. However, despite BP's argument intentionally misconstruing and confusing Plaintiffs' position, Plaintiffs are not arguing that it is "*per se* improper" to grant summary judgment when discovery is incomplete as implied by BP.[24] Rather, Plaintiffs' position is that an adequate record should be established before it is proper to rule on summary judgment, and Rule 56(d) is not *required* in such a situation.[25] The cases cited by BP from the Eleventh Circuit simply stand for the rule that a "blanket rule" forbidding summary judgments prior to the close of discovery would be inappropriate.[26] Additionally, discovery is ongoing and expert discovery has only recently been completed for the bellwether test cases. Yet, BP has admitted that *expert testimony*

---

[23]  Plaintiffs need additional time to take a 30(b)(6) deposition of MedSouth Clinic regarding the authenticity of medical records.
[24]  *See* Doc. 371 at 8.
[25]  *See* Plaintiffs' Opposition to BP's Motion for Summary Judgment, Doc. 350 at 17 (arguing that "Rule 56(d) need not be invoked" because the Court can deny BP's Motion as premature without reliance on Rule 56(d) as expert disclosures have not been complete just as Judge Fallon did in the case of *Saavedra-Vargas v. BP* [Case No.: 18-11461, Doc. 65 (E.D. La., Nov. 17, 2020)).
[26]   *See* BP's Response to Plaintiffs' Motion for Leave, Doc. 371 at 8-9.

is required to establish the fact of correct diagnosis and that the MSA expressly provides that the fact of correct diagnosis is an issue that may be litigated in the BELO cases.[27] Since expert disclosures were not to be disclosed pursuant to the Court's Case Management Orders for the stayed cases, BP's Motion for Summary Judgment is premature. For the *Moulder* case, which was selected as a bellwether and is also a named case in BP's consolidated Motion for Summary Judgment, expert reports have recently been submitted that confirm the fact of correct diagnosis– and those expert reports remain unchallenged.

In this situation—where BP's conduct was improper and the non-movant for summary judgment can show by affidavits that, for specified reasons, it cannot present facts to justify its opposition—the Court should enter an "other appropriate order"[28] as it sees just and equitable to deter future improper conduct and rectify the prejudice that has already been caused to the Plaintiffs. An appropriate order should include denial of the MSJ with prejudice, and an include an award of all costs associated with the MSJ briefing and deposition of Dr. Lippmann at the very minimum.

**D) Plaintiffs' rebuttal to Defendants' fallacious arguments related to the need for further discovery:**

---

[27]  *See* MSA, Section VIII.G.
[28]  Fed. R. Civ. P. 56(d)(3).

BP's briefings to this Honorable Court are strewn with misleading statements of fact and law. In its Response to Plaintiffs' Motion for Leave to Take Depositions and/or Motion for Clarification, BP alleges that "Plaintiffs elected not to seek Rule 56(d) relief from the Court" and "dismissed the notion that they needed to file a Motion under Rule 56(d)."[29] Again, these statements are simply not true. Typical of BP's gamesmanship and use of clever rhetorical devices designed to misconstrue Plaintiffs' counsel's positions, BP uses this argument in an attempt to demonstrate that Plaintiffs have been dilatory and waived their ability to request relief under Rule 56(d).[30] In attempting to cover-over the fact that it cited to incorrect law regarding physicians' assistants in previous filings, BP also asserts in its Reply to Plaintiffs' Motion for Leave to Take Depositions that "if Plaintiffs were granted leave to conduct discovery, the physician's assistants designated by Plaintiffs would be testifying concerning opinions that, at the time of the Plaintiffs' purported diagnosis, they were not legally allowed to provide."[31] Regardless of the text of the Fl Admin.

---

[29] *See* BP's Response to Plaintiffs' Motion for Leave, Doc. 371 at 7 (selectively quoting Plaintiffs' argument in briefings out of context).

[30] *See id.* at 6 (quoting *Smith v. Acting Sec'y, United Stats Dep't of Homeland Sec.,* 819 F. App'x 774, 776 (11th Cir. 2020), for the argument that "failing to seek a continuance or allege facts supporting a continuance" is a reason to refuse to allow additional discovery); *see also id.* at 7 (asserting that Plaintiffs "have shown a clear lack of due diligence in pursuing discovery" because no subpoenas were issued to third parties and no motions to compel BP were filed from the time of entry of the Revised Case Management Order to the implementation of the CARCMO).

[31] *See id.* 11.

Code, whichever version is used, BP can provide absolutely <u>no evidence</u> that Dr. Lippmann did not supervise or countersign the diagnostic reports.[32]

Respectfully, Plaintiffs have requested Rule 56(d) relief in its brief filed in opposition to BP's Motion for Summary Judgment.[33] This demonstrates that Plaintiffs did indeed request relief under Rule 56(d). The request for relief under Rule 56(d) was included in Section "D" of Plaintiffs' brief filed in opposition to BP's Motion for Summary Judgment.[34]

Additionally, BP has already failed to respond, and have thus conceded, that Rule 56(d) is not an inflexible rule. As stated in Plaintiffs' previously filed Opposition to Summary Judgment, "[f]orm is not to be exalted over fair

---

[32] In fact, the deposition of Dr. Lippmann on November 16, 2021, has revealed that this entirely speculative line of argument by BP is a nullity. Dr. Lippmann properly made all the diagnoses, even if the examinations or record keeping were assisted by a physician assistant. The argument that a physician's assistant does not have authority to enter notes in a patient's medical record "without approval of the doctor" is a red herring. Similarly, the presumption of BP that Dr. Lippmann did not approve or countersign the diagnostic records is conjecture and does not rise to the level of proof that a party moving for summary judgment must satisfy to establish the absence of genuine issue of material fact. Further, there is nothing to indicate that the physician assistants or Dr. Lippmann were engaged in any illegal medical practice [*See* Doc. 371 at 11], and to make such an assertion based on signatures in medical records absent a deposition of Dr. Lippmann or the signers of the records is another example of BP's fallacious argument.

[33] *See* Plaintiffs' Opposition to BP's Motion for Summary Judgment, Doc. 350 at 2 ("the Court should postpone judgment and defer summary judgment pursuant to Federal Rule of Civil Procedure 56(d)"); *see also id*. at 9 (providing the relevant legal standard for Rule 56(d)); *see also id*. at 28 (Section "D" was titled: "The Court should deny or postpone summary judgment pursuant to Rule 56(d).").

[34] BP has waived any argument that Plaintiffs' previous request for relief under 56(d) was improper on account of form. Plaintiffs invoked relief under Rule 56(d) and BP opposed further discovery and Plaintiffs' position that summary judgment was improper but did not challenge the form of the affidavits or request under Rule 56(d). *See* Plaintiffs' Opposition to BP's Motion for Summary Judgment, Doc. 350.

procedures."[35] Additionally, Rule 56(d) is "unfused with a spirit of liberality."[36] Although Plaintiff did not separately file a motion requesting Rule 56(d) relief, Plaintiffs did properly invoke Rule 56(d) and submitted two affidavits in support of Rule 56(d) relief. Further evincing the deliberate gamesmanship, BP ignores the two previous affidavits [Doc. 350-21; 350-22] Plaintiffs submitted in support of their request for Rule 56(d) relief[37] and pronounces that no request under Rule 56(d) has been made. Having entirely failed to raise any counterarguments to Plaintiffs' Rule 56(d) request[38] in its Reply brief, BP takes Plaintiffs' argument out of context when it states that: "Plaintiffs elected not to seek Rule 56(d) relief from the Court. On the contrary, Plaintiffs previously dismissed the notion that they needed to file a Motion under Rule 56(d)."[39] When the Court heard argument related to the recent Motions for Protective Order of Dr. Lippmann and entered an Order,[40] the summary judgment briefing had not been completed and the MSJ was not yet ripe for the Court to take up consideration of BP's Motion and the briefing. Yet, BP read, replied, and

---

[35] *See i*d. at 9 (quoting *Littlejohn v. Shell Oil. Co.*, 483, F.2d 1140, 1146 (5th Circ. 1973).

[36] *See id.* at 29 (quoting *Wallace v. Brownell Pontiac-GMC Co*., 703 F.2d 525, 527 (11th Cir. 1983)).

[37] *See id.* (referencing affidavit of attorney David Durke and affidavit of Dr. Greene; attached as Exhibit 21-22 of Plaintiffs' Opposition to Summary Judgment, Doc. 350).

[38] *See id.* at 28-30 (Section D of Plaintiffs' Opposition to BP's Motion for Summary Judgment).

[39] *See* BP's Response to Plaintiffs' Motion for Leave, Doc. 371 at 7-8; *but see* Plaintiff's Opposition to BP's Motion for Summary Judgment, Doc. 350 at 16-17 (although predictably misconstrued by BP, Plaintiffs include an argument that the Court *need not* enter an order pursuant to Rule 56(d) where BP has failed to meet its burden or where the Court is inclined to agree that summary judgment is simply premature).

[40] *See Moulder v. BP,* Case: 5:19-cv-12-MCR/GRJ, Doc. 64.

purposely ignored Plaintiffs' requests under Rule 56(d) to defer or postpone summary judgment pursuant to the previous affidavits.[41] Rather than correct misstatements or assist the Court in the adjudication of the issues raised in the parties' briefing, BP attempts to offer mistruths and obscure the facts related to its dispositive motion without correcting its misstatements.

### E) Plaintiffs have diligently pursued discovery and prematurely granting summary judgment for the Defendants would be profoundly unfair.

BP argues that Plaintiffs should not be granted an order affording additional time for discovery because Plaintiffs have "had ample opportunity to provide documents to support a real first diagnosis but have proffered only a few pages of purported diagnostic records from either Dr. Lippmann or those in his office."[42] This is not true. Plaintiffs have produced additional records above and beyond these initial records of Dr. Lippmann. To the contrary, Plaintiffs have made the admission that Dr. Lippmann's records, standing alone, would not be sufficient to survive summary judgment without additional diagnostic records and expert testimony.

BP also asserts that "despite being afforded every opportunity under the terms of the MSA and this Court's Revised Case Management Order to address their

---

[41] Had Defendants made the arguments that Rule 56(d) requests must be made under a *separately filed* motion rather than in the body of a reply brief, Plaintiffs could have adequately responded. Instead, BP conceded Plaintiffs Rule 56(d) request entirely and now asks the Court to omit an entire section of Plaintiffs' opposition brief to summary judgment.

[42] *See* BP's Response to Plaintiffs' Motion for Leave, Doc. 371 at 9.

purported fact-of-diagnosis issues created by Dr. Lippmann's records, Plaintiffs wholly failed to do so."[43] First, the MSA expressly provides that the fact of correct diagnosis may be *litigated*; and the case law has established that correct diagnosis must be established through expert testimony. After BP filed its Motion for Summary Judgment arguing that the *only* records that could be used to support "first diagnosis" were the records from the original diagnosing physician, Plaintiffs issued a Subpoena for deposition duces tecum to Dr. Lippmann on October 25, 2021. Prior to the issuance of the Subpoena and to present, Plaintiffs' counsel has diligently pursued expert discovery related to medical diagnosis and causation for the Plaintiffs. Plaintiffs' counsel has requested relief from the Court twice to take further depositions and discovery to authenticate medical records from Dr. Lippmann's office – first, by filing a Motion for Leave on October 29, 2021 [Doc. 361] , and second, by previously requesting relief under Rule 56(d) in its opposition to BP's Motion [Doc. 350 at 28-30].

Plaintiffs have conducted extensive expert discovery and additional medical examinations to confirm the fact of their diagnosis. Those other medical records, from medical providers other than Dr. Lippmann, have been previously produced through discovery regardless of whether BP disregards them and resorts to fallback procedural technicalities that Plaintiffs cannot use them because of its unfounded

---

[43] *See id*. at 10.

arguments that there can be no "retroactive cure" to incomplete or deficient medical records in the first records diagnosis because of some unspecified terms in Medical Settlement Agreement.

In its Response to Plaintiffs' Motion for Leave to take Depositions, BP argues that "Plaintiffs have known of the need to provide sufficient fact-of-diagnosis evidence – at least as early as May of 2012 when the Amended MSA was entered."[44] Putting aside the obvious argument that Plaintiffs were not diagnosed with their condition until 2014, the Plaintiffs can only be fairly held to the text of the MSA that requires that the fact of correct diagnosis _may_ be litigated. A fairer statement would be that BP has been on notice since at least early 2019 that, in BELO cases, plaintiffs must rely on expert testimony to prove both medical diagnosis and causation.[45]  Yet, BP improperly and prematurely files a motion for summary judgment here prior to the time for expert disclosures in attempt to dismiss the Plaintiffs cases on procedural

---

[44] _See id_. at 10.

[45]  In 2019, BP moved for dismissal of a number of BELO cases in the Eastern District of Louisiana and the Southern District of Alabama where plaintiffs did not oppose summary judgment or present any expert disclosures related to medical diagnosis or causation. In some cases, the plaintiffs were no longer represented by counsel. After the close of expert discovery in those cases, the _only_ evidence that those plaintiffs could present in opposition to summary judgment was a screening diagnosis from a medical provider called "Industrial Medicine Specialists." However, those plaintiffs failed to designate any expert to testify at trial. _See e.g., Banegas v. BP Expl. & Prod., Inc_., No. CV 17-7429, 2019 WL 424683 (E.D. La. Feb. 4, 2019); _Escobar v. BP Expl. & Prod., Inc._, No. CV 18-9170, 2019 WL 6877645 (E.D. La. Dec. 17, 2019); _see also Scott v. BP Expl. & Prod., Inc._, No. CV 19-00254-KD-MU, 2021 WL 1257548 (S.D. Ala. Apr. 5, 2021) (granting summary judgment _after_ the expert discovery deadline for plaintiff had passed and the plaintiff disclosed two expert witnesses but did not meet the requires of Federal Rule of Evidence 702 related to expert evidence regarding correct diagnosis).

technicalities—grounded in improper attacks on Plaintiffs' counsel, an untested Affidavit by the Plaintiffs' first diagnosis physician that was drafted by BP's counsel,[46] and by arguing blatantly misleading facts and positions. If BP is fully aware that BELO plaintiffs are required to designate an expert to testify as to correct diagnosis and causation at the time of expert disclosures, the question is raised whether BP has diverted the search for the truth and justice in its overzealous attempt to force the dismissal of Plaintiffs' actions on procedural technicalities.

## V.    <u>CONCLUSION</u>

WHEREFORE, for the foregoing reasons, Plaintiffs respectfully request the Court grant this Motion pursuant to Rule 56(d) or (e) by deferring or denying BP's Motion for Summary Judgment and entering such further relief as the Court finds just and equitable.

Respectfully Submitted,

<u>/s/ Charles D. Durkee</u>
Charles D. Durkee
Florida Bar No.: 998435
THE DOWNS LAW GROUP, P.A.
3250 Mary Street, Suite 307
Coconut Grove, Florida 33133
(305) 444-8226 Telephone
ddurkee@downslawgroup.com

---

[46] BP's counsel drafted not just one, but two, affidavits for Dr. Lippmann to execute without Dr. Lippmann's knowledge that the attorneys drafting the affidavit were representing the Defendants.

*Attorneys for Plaintiffs*

## Certificate of Service

I hereby certify that on this 22nd day of November 2021, a true and correct copy of the foregoing instrument was filed with the Clerk of Court by using the CM/ECF system. Notice of this filing will be sent to all counsel of record registered to receive electronic service by operation of the Court's electronic filing system.

*/s/ C. David Durkee*
C. David Durkee

## Local Rule 7.1(F) Certification

I hereby certify that this memorandum contains 5607 words pursuant to the Word Processing Program used to draft this pleading.

*/s/ C. David Durkee*
C. David Durkee