IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

IN RE: DEEPWATER HORIZON       Case No. 3:19-cv-963-MCR-GRJ
BELO CASES

                                                     Judge M. Casey Rodgers
                                                     Magistrate Judge Gary R. Jones

This Document Relates to:

*Kenneth Davenport*, 5:18-cv-245
*Lester Jenkins*, 5:19-cv-260
*Michael Moulder*, 5:19-cv-12
*Dwight Siples*, 5:19-cv-310
_____/

# REPORT AND RECOMMENDATION

Pending before the Court is a Motion to Strike Plaintiffs' Second Expert Witness Disclosure dated January 14, 2022, filed by Defendants BP American Production Company and BP Exploration & Production, Inc. (collectively, "BP"). Master Docket ECF No. 414.[1] Plaintiffs oppose the motion, Master Docket ECF No. 420. The motion has been referred to the undersigned for resolution. For the reasons explained below BP's motion is due to be denied.

---

[1] The ECF numbers for the motion filed separately in the individual cases are as follows: *Kenneth Davenport*, 5:18-cv-245 (ECF No. 45); *Lester Jenkins*, 5:19-cv-260 (ECF No. 34); *Michael Moulder*, 5:19-cv-12 (ECF No. 75); and *Dwight Siples*, 5:19-cv-310 (ECF No. 35).

## I. BACKGROUND[2]

The scheduling deadlines for these Group 3 BELO[3] cases shifted recently because of a possible conflict that arose with Plaintiffs' causation expert, Dr. Michael Freeman, in November of 2021.  After Plaintiffs identified Dr. Freeman as their causation expert, BP noticed Dr. Freeman's deposition for November 30, 2021.  At the outset of Dr. Freeman's deposition, however, the parties discovered that Dr. Freeman had previously consulted for BP on the oil spill that is the subject of this litigation.  In view of this new information, the parties terminated the deposition so they could investigate Dr. Freeman's role further to determine whether a conflict of interest, in fact, existed.  While the parties investigated further the circumstances of Dr. Freeman's role as a BP consultant, BP moved to disqualify Dr. Freeman, Master Docket ECF No. 382, and

---

[2] For context, these lawsuits arise out of the blowout, explosions, fires, and subsequent oil spill that occurred at the Deepwater Horizon mobile offshore drilling unit in the Gulf of Mexico on April 20, 2010.  During the months immediately following the explosion, large scale clean-up efforts to address the oil spill occurred both on land and at sea. Various oil spill clean-up companies hired these Plaintiffs to clean up oil-soaked beaches along the Gulf of Mexico coast. During their clean-up work, Plaintiffs were exposed to crude oil and chemical dispersants that Plaintiffs allege caused them harm. Specifically, Plaintiffs complain that their exposure to the toxins cause them to suffer from chronic medical conditions, even today.

[3] The conditions complained of for these Group 3 BELO Plaintiffs are conditions other than ocular, sinus and skin conditions which cases fall into Groups 1 and 2 of the BELO Plaintiffs.[3]

Plaintiffs moved for a stay of the Case Management Order deadlines for these cases, Master Docket ECF No. 384.

The Court denied BP's motion to disqualify Dr. Freeman, Master Docket ECF No. 401, and Plaintiffs' motion for a stay, Master Docket ECF No. 398. Yet, while the conflict-of-interest question was pending, the Court adjusted all the deadlines for these cases. Relevant here the Court extended the deadline for Plaintiffs to make expert disclosures until January 14, 2022. The other deadlines were also extended, including the deadline for Defendants to serve expert disclosures and the deadline for Defendants to depose Plaintiffs' experts. Corrected Amended and Revised Case Management Order ("CARCMO"), Master Docket ECF 398.

The current dispute concerns whether the Court's adjustment of the deadlines for these cases gave plaintiffs permission to start over with their expert disclosures by identifying six "new" experts in addition to Dr. Freeman (who is not conflicted out as BP had requested). BP argues that the disclosure of Plaintiffs' additional experts is "untimely" and is "extremely prejudicial" to them. ECF No. 414 at 2. If the Court is not inclined to strike the "new" experts, BP asks that the Court strike Dr. Ron Lippmann because he failed to provide an expert report as required by the Rules. *Id*.

According to BP, because Plaintiffs do not need to substitute another expert for Dr. Freeman since there is no conflict of interest, Plaintiffs should not be permitted to add additional experts after the original expert disclosure deadline.

Plaintiffs say that their disclosures were timely under the CARCMO, that the experts disclosed are Plaintiffs' diagnosing/treating physicians who have been known to BP for some time, and that Dr. Lippmann need not provide an expert report as his role is as a Rule 26(a)(2)(C) witness only. ECF No. 420 at 6-7.[4]

## II.  DISCUSSION

Under Rule 26 of the Federal Rules of Civil Procedure, a party must make its expert disclosures "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D).  Where a party fails to make its expert disclosures in the time frame ordered by the Court "Rule 37 gives a district court discretion to address a litigant's failure to make a required disclosure timely." *Lamonica v. Hartford Ins. Co. of the Midwest*, 336 F.R.D. 682, 685 (N.D. Fla. 2020) (*citing Taylor v. Mentor Worldwide LLC*, 940 F.3d 582, 593 (11th Cir. 2019)); *see also Hewitt v. Liberty Mut. Grp., Inc.*, 268 F.R.D. 681,

---

[4]  Dr. Lippmann is not submitting an expert report for these cases.  *See* ECF No. 420 at 7.

682 (M.D. Fla. 2010). If a party provides untimely expert disclosures, "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." *Lamonica*, 336 F.R.D. at 685 (quoting Fed. R. Civ. P. 37(c)). A party's failure to make timely expert disclosures is harmless if that party shows "there is no prejudice to the party entitled to receive disclosure." *Id*. (quoting *Hewitt*, 268 F.R.D. at 682). "Courts have broad discretion to exclude untimely expert testimony...." *Guevara v. NCL (Bahamas) Ltd*., 920 F.3d 710, 718 (11th Cir. 2019) (citations omitted).

Within this framework the Court must resolve two issues. The first issue is whether Plaintiffs' January 14, 2022, expert disclosures were untimely. The second issue is whether Dr. Lippmann should be stricken because he failed to provide an expert report.

Turning to the first issue, the Court concludes that Plaintiffs' January 14, 2022, expert disclosures were timely. In the CARCMO, the Court gave Plaintiffs until January 14, 2022, to make their expert disclosures. Plaintiffs complied with that deadline. The Court's Order did not restrict Plaintiffs, as BP argues, to merely replacing Dr. Freeman with another causation expert. *See* ECF No. 398. Instead, the Court extended the time by which Plaintiffs' expert disclosures were due for these cases. *Id*. The Court also extended

Defendants' deadlines and the discovery deadline to keep the cases moving along at the same pace as previously ordered, albeit with extended due dates. Consequently, BP's argument that they are "prejudiced" by Plaintiffs' "untimely" disclosures is unconvincing as they have the same amount of time as they always had to respond to Plaintiffs' expert disclosures. Because the Court concludes that Plaintiffs' expert disclosures were timely, BP's motion to strike Plaintiffs' January 14, 2022, expert disclosures is due to be denied.

As for the second issue, BP specifically requests the Court to strike Dr. Lippmann as an expert for these cases because he failed to provide an expert report as required by Rule 26(a)(2)(B). BP argues that, because Plaintiffs relied heavily on the "falsehood" that Dr. Lippmann was their retained expert in their motion for sanctions, ECF No. 395, the Court should not allow Plaintiffs to cure their failure to designate Lippmann earlier by way of this "late disclosure." ECF No. 414 at 11-12. Plaintiffs say that "Dr. Lippmann was never specifically employed to provide litigation testimony on causation but rather simply to provide a medical examination of the plaintiff for diagnostic purposes pursuant to the conditions precedent for filing a BELO claim." ECF No. 420 at 13. Consequently, Plaintiffs say the Rules do not require Dr. Lippmann to provide an expert report.

Although the parties have each recently argued both sides of the issue regarding Dr. Lippmann's status as an expert (or not an expert), the record reflects that his role in these cases is as a diagnosing physician for some of the BELO plaintiffs during the Notice of Intent to Sue ("NOIS") stage of the BELO process. In view of that role, Dr. Lippmann is not required to submit an expert report to testify in these cases.

The determination of whether an expert must provide a written expert report depends on the expert. *Izquierdo v. Certain Underwriters at Lloyd's London Subscribing to Policy No. BB014330K-3830,* 2021 WL 3197008, at *3 (11th Cir. Jul. 29, 2021) (per curiam) (quoting Fed. R. Civ. P. 26(a)(2)(A)). A detailed written report is required "if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." Fed. R. Civ. P. 26(a)(2)(B). Experts, like Dr. Lippman, who do not fit into this definition are subject to less-burdensome disclosure requirements: they are "not required to provide a written report"; instead, they must submit only a written summary setting out "the subject matter on which the witness is expected to present evidence" and "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C)(i) and (ii).

As the advisory committee's notes to Rule 26 make clear, treating physicians generally function as *non-retained* experts: "The requirement of a written report in paragraph (2)(B) ... applies only to those experts who are retained or specially employed to provide such testimony in the case or whose duties as an employee of a party regularly involve the giving of such testimony. A treating physician, for example, can be deposed or called to testify at trial without any requirement for a written report." Fed. R. Civ. P. 26 advisory committee's notes to 1993 amendment.

Dr. Lippmann does not fit the bill as a retained expert. At best Dr. Lippman served the role of a treating physician and, therefore, Plaintiffs are not required to submit a written report for Dr. Lippman as required for retained experts. Accordingly, BP's request that the Court strike Dr. Lippmann for failure to provide an expert report as required by Rule 26(a)(2)(B) is due to be denied.

### IIII. CONCLUSION

For the foregoing reasons, the undersigned respectfully **RECOMMENDS** that Defendants' Motion to Strike Plaintiffs' Experts, Master Docket ECF No. 414, should be **DENIED**.[5]

---

[5] BP's Motion to Strike should be denied in the individual cases: *Kenneth Davenport*, 5:18-cv-245 (ECF No. 45); *Lester Jenkins*, 5:19-cv-260 (ECF No. 34); *Michael Moulder*, 5:19-cv-12 (ECF No. 75); and *Dwight Siples*, 5:19-cv-310 (ECF No. 35).

**IN CHAMBERS** this 23rd day of February 2022.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.